THE EASTERN CONSTRUCTION CO., INC., Respondent, *v.*
EASTERN ENGINEERING CORPORATION, Appellant.

Injunction — trade names — justification for injunction
restraining defendant from using its corporate name — com-
mon right to use geographical or descriptive terms does not
include use calculated to deceive — application for injunction
denied where reasonable probability of loss of business by
plaintiff is wanting.

1. Justification, if any, for an injunction restraining defendant
from using the word " Eastern " as part of its corporate name, must
rest upon a finding that the corporate name which the defendant had
adopted, with the sanction of the State, is so similar to the name
under which the plaintiff conducts its business that the public may
be confused and that some persons may do business with the defendant
in the belief that they are dealing with the plaintiff.

2. A contention that the name " Eastern " is a geographical term
descriptive of the territory in which both corporations conduct their
business, and that the plaintiff may not appropriate such a term
as its exclusive property, is not decisive.  Common right to use
geographical or descriptive terms does not include a use which is
calculated to deceive.

3. Where, however, though some similarity of name exists between
plaintiff and defendant, it is joined with difference so marked that it
can hardly be overlooked and the nature of the business in which they
compete is such as to reduce, almost to the vanishing point, the
possibility of deception and damage, the value of plaintiff's reputation
and good will is not shown to be materially decreased by possible
confusion and the defendant is not shown to be in a position to gain
any advantage by it, the reasonable probability of loss of business by
the plaintiff which constitutes the ground for the intervention of a
court of equity is wanting and the application for an injunction
should be denied.

*Eastern Construction Co.* v. *Eastern Engineering Co.*, 219 App. Div.
820, reversed.

(Argued October 10, 1927; decided November 22, 1927.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-

ment, entered March 25, 1927, which affirmed an order of Special Term granting a motion for an injunction *pendente lite* restraining defendant from using the word " Eastern " as part of its corporate name.

*Michael M. Helfgott* for appellant. The word " Eastern " as a portion of a corporate name cannot acquire a " secondary meaning " so as to entitle the respondent to the exclusive appropriation thereof as a common-law trade-mark where it does not relate to or identify any commodity, article of merchandise, specific product or sales of goods exclusive in manufacture or description in the absence of unfair competition by the appellant or damage to the respondent. (*Corning Cut Glass Works* v. *Corning Cut Glass Company,* 197 N. Y. 173; *Butterfield* v. *Abraham & Strauss,* 241 N. Y. 560; *Koehler* v. *Sanders,* 122 N. Y. 65; *Ball* v. *Broadway Bazaar,* 194 N. Y. 429; *Oneida Community* v. *Oneida Game Trap Co.,* 150 N. Y. Supp. 918.) The word " Engineering " is clearly distinguishable from the word " Construction " so as to clearly distinguish the two names. (*Buffalo Typewriter Exchange Co.* v. *McGarl,* 240 N. Y. 113; *Materialmen Mercantile Association* v. *Materialmen Credit Agency,* 191 App. Div. 73; *Romeike, Inc.,* v. *Romeike & Co.,* 179 App. Div. 712.) The record does not present any facts to warrant the injunction on the theory of unfair competition. (*Corning Glass Works* v. *Corning Cut Glass Co.,* 197 N. Y. 173; *Butterfield* v. *Abraham & Strauss,* 241 N. Y. 560; *Buffalo Typewriter Exchange* v. *McGarl,* 240 N. Y. 113.)

*Herman Vogel* for respondent. The order granting the injunction is correct and should be affirmed. Geographical designations can acquire a good will and can be used exclusively as part of a corporate name as against competitors for the same business. (*Koehler* v. *Sanders,*

122 N. Y. 65; *Kayser* v. *Italian Silk Underwear Co.,* 160 App. Div. 607; *German-American Button Co.* v. *Heymsfeld, Inc.,* 170 App. Div. 416; *Oneida Community, Ltd.,* v. *Oneida Game Trap Co., Inc.,* 168 App. Div. 769; *Lerner Stores Corp.* v. *Lerner Ladies' Apparel Shop, Inc.,* 218 App. Div. 427; *International Cheese Co.* v. *Phenix Cheese Co.,* 118 App. Div. 499; *Phenix Cheese Co.* v. *Kirp,* 176 App. Div. 735.)   Confusion has been caused by the similarity of names, and appellant had immediate notice thereof. The equities favor the respondent. (*Pansy Waist Co., Inc.,* v. *Pansy Dress Co., Inc.,* 203 App. Div. 585; *People ex rel. Columbia Co.* v. *O'Brien,* 101 App. Div. 296; *Lucile, Limited, New York & Paris,* v. *Schrier,* 191 App. Div. 567; *Higgins* v. *Higgins,* 144 N. Y. 462; *Bush Terminal Co.* v. *Bush Terminal Trucking Co., Inc.,* 123 Misc. Rep. 448; *Suburban Press* v. *Philadelphia Suburban Pub. Co.,* 227 Penn. St. 148.)   The record is sufficient to sustain the granting of the injunction. (*Vulcan* v. *Myers,* 139 N. Y. 364; *Romeike, Inc.,* v. *Romeike, & Co.,* 179 App. Div. 712.)

LEHMAN, J.   Since March, 1922, the plaintiff has been engaged under its corporate name in the business of building construction.   Prior to that time, its president individually had conducted for many years a similar business under the trade name of Eastern Construction Company and had filed a certificate to that effect, as required by law, in the office of the clerk of the county of New York.   In November, 1926, a certificate of incorporation was issued by the Secretary of State to the defendant.   The business in which the defendant is authorized to engage is similar to the business which the plaintiff carries on.   The plaintiff promptly objected that the use in such business by the defendant of a corporate name containing the word " Eastern " would produce confusion of identity in the minds of the public. The defendant disregarded the objection and since that

time has carried on its corporate business under its corporate name.

The plaintiff and the defendant are both engaged in the business of building construction. In the course of business both submit bids for the erection of public buildings and seek contracts for public work. Not always do they submit bids for the same work, or seek the same contract. Part of the business done by the plaintiff may lie somewhat outside the limits of the field of activities into which the defendant has entered. Within those limits they are competitors, and a court of equity may restrain them from using methods of competition which are unfair. Neither may by misrepresentation or deceit obtain, from the public, business which the other might have received.

The plaintiff corporation has brought this action to obtain an injunction against the use by the defendant of its corporate name in its business. An injunction *pendente lite* has been granted and the order has been affirmed by the Appellate Division. The defendant is restrained from the use of the word " Eastern " as part of its name. Leave to appeal has been granted and the Appellate Division has certified the question: " Was the court at Special Term justified in granting an injunction *pendente lite* to the plaintiff? "

Justification, if any, for the injunction must rest upon a finding that the corporate name which the defendant has adopted, with the sanction of the State, is so similar to the name under which the plaintiff conducts its business that the public may be confused and that some persons may do business with the defendant in the belief that they are dealing with the plaintiff. The plaintiff's moving affidavits sufficiently show that the plaintiff has built up a business reputation and good will. The name under which a business is carried on is inextricably entwined with its reputation and good will. It is said that in this case the name " Eastern " is a geographical term, descrip-

tive of the territory in which both corporations conduct their business, and that the plaintiff may not appropriate such a term as its exclusive property. Technical distinction between geographical or descriptive trade names on the one hand and fanciful trade names on the other hand is unimportant in this case. The defendant may not expressly or impliedly represent that it is the same corporation or connected with the same corporation which has built up a reputation and good will under the name of Eastern Construction Company. If, in the business of building construction, the name " Eastern " has become so exclusively associated with the plaintiff that its use by the defendant in its corporate name tends naturally to induce the belief in those dealing with the defendant that they are dealing with the plaintiff, then, to that extent, the use by the defendant of the corporate name chosen by it constitutes a misrepresentation, fraudulent if chosen with intent to deceive, innocent, at least in its inception, if chosen without such intent. Misrepresentation though innocent at its inception may become wrongful if unreasonably persisted in, after knowledge of its tendency to deceive has been gained. The courts have never found difficulty in protecting the public and the owner of the good will of a business against the deceptive use of a trade name even though that name was originally chosen without wrongful purpose. (*Ewing* v. *Buttercup Margerine Company, Ltd.*, [1917], 2 Ch. Div. 1.) Common right to use geographical or descriptive terms; even individual right to use one's own name, does not include a use which is calculated to deceive. (*Corning Glass Works* v. *Corning Cut Glass Co.*, 197 N. Y. 173; *Ball* v. *Broadway Bazaar*, 194 N. Y. 429; *Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462.) " The name of a person or a town may have become so associated with a particular product that the mere attaching of that name to a similar product without more would have all the effect of a falsehood." (*Herring Hall Marvin*

*Safe Co.* v. *Hall's Safe Co.*, 208 U. S. 554.) Judicial interference will depend upon the facts proved and found in each case. The test is whether resemblance is calculated to produce confusion as to identity and consequent damage. (*American Steel Foundries* v. *Robertson*, 269 U. S. 372.)

Tried by that test, the evidence in this case is insufficient to justify the injunction which has been granted. Some similarity of name exists, but joined with difference so marked that it can hardly be overlooked, especially by those concerned in matters of such importance as the award of a contract for the construction of a public building. True, not all persons constantly exercise caution in their daily affairs, and a merchant may be injured by deception of the incautious and unwary among his customers. The nature of the business in which the defendant competes with the plaintiff reduces almost to the vanishing point the possibility of deception and damage in this case. The defendant does not seek the patronage of the wayfarer whose purchases are often dictated by hasty impression rather than inspection and consideration. The defendant competes with the plaintiff in bidding for public work. When it chose the word " Eastern " as part of its name, it could hardly have expected that its name might result in the acceptance of bids for public work which otherwise would have been rejected. No bid of the defendant has been accepted and no contract has been awarded to it, because an architect or other person examining bids or awarding contracts has been confused as to the defendant's identity. As to such persons no reasonable inference can be drawn that the name tends to deceive and constitutes a misrepresentation. The affidavits show that there has been some confusion in the minds of others dealing with the plaintiff in more casual manner. Choice of name by the defendant could not be dictated by intent through such confusion to obtain a benefit at the plaintiff's expense.

Such confusion resulting merely in non-delivery of mail or other messages would indeed tend to the detriment of the defendant, though perhaps in lesser degree than to the plaintiff. Moreover, it appears that other building and contracting companies using the word " Eastern " as part of their names are listed in the telephone directory. The value of the plaintiff's reputation and good will is not shown to be materially decreased by possible confusion. Certainly the defendant is not shown to be in a position to gain any advantage by it. Reasonable probability of loss of business by the plaintiff which constitutes the ground for the intervention of a court of equity is wanting.

If inference could be drawn that the defendant had chosen the name of Eastern Engineering Company with intent to derive benefit from it at the expense of the plaintiff, our conclusion might be different. Courts of equity are loathe to hold that a knave may carry out a dishonest plan from which he anticipates benefit because there is no reasonable probability that the anticipation will become reality. In such case the defendant may be in no position to deny the existence of such probability when asserted by the plaintiff. Even if the remark of COZENS-HARDY, Master of the Rolls, in similar case, that " if you find a defendant who is a knave, you may presume he is not a fool " (*Claudius Ash Sons & Co., Ltd.,* v. *Invicta Manufacturing Company, Ltd.,* 28 Reports of Patent Cases at page 603) may not completely stand the test of strict legal analysis, it sufficiently states a working rule which may well be applied in proper circumstances. Such circumstances have not been shown to exist in this case.

The order of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts. The question certified should be answered in the negative.

CRANE, J. (dissenting).   With all the other names which the defendant could have taken, why did it choose " Eastern? "   There is no answer except that it expected to and did reap the advantages gained by the long user of the name by the plaintiff.   The defendant entered the field of similar business to compete with the plaintiff. It took the word " Eastern " long used by the plaintiff. It was timely warned of the damage being done by the subtle deception and still persisted in its course.   In all fairness why did it not take another name; Western, Northern, Southern, Blue, any name among the millions which could have been selected.   No, it must stick to Eastern, to be used in New York city where the plaintiff was bidding for its construction and engineering work. The points of the compass had nothing to do with the nature of the business conducted by these parties.   Eastern is no less arbitrary than Arctic or Solar.   The defendant should fall in line and do the fair thing. Business in these modern days is complicated enough without having some new-born competitor mix up identities.

Early decisions are of little use as authorities on modern New York city competition.   They could no more imagine these conditions than they could foresee the airship or the wireless.   Let the defendant get a new name and do its business on its own merits.

For these reasons I dissent.

CARDOZO, Ch. J., POUND, ANDREWS, KELLOGG and O'BRIEN, JJ., concur; CRANE, J., dissents in memorandum.

Ordered accordingly.