RADIO CAB CORPORATION *v.* RADIO FLEET OWNERS, INC., and Others.

Supreme Court, New York County, December 20, 1933.

*B. Fliashnick,* for the plaintiff.

*Woodruff & Grill,* for the Radio Fleet Owners, Inc., and Mural Transportation Corporation.

*Arthur J. W. Hilly, Corporation Counsel,* for the police department of city of New York.

*Henry M. Hogan,* for the General Motors Truck Company.

*John Thomas Smith,* for the General Motors Corporation and General Motors Fleet Sales Corporation.

COLLINS, J. Motion for injunction *pendente lite* denied. The papers do not satisfy me that the defendants are attempting to palm off their cabs for those of the plaintiff, or that the defendants are garnering the avails of plaintiff's reputation or good will. Nor am

I persuaded that the public is calculated to be deceived or confused by the common employment of the term "radio." (*Eastern Construction Co.* v. *Eastern Engineering Corp.*, 246 N. Y. 459.) Indeed, the proofs indicate that prior to the established adoption of that term by the plaintiff and its affiliates, the defendants gave currency to the designation. The cabs of the plaintiff and its affiliates bore the legend "General" and those cabs were not equipped with radios.

Certainly the plaintiff had not so popularized the appellation "radio" as to amount to an appropriation of that name in connection with its cabs. It is not established that plaintiff's cabs were identified in the public mind in association with "radio."

More, the respective color schemes are dissimilar. "The controlling question in all cases where the equitable power of the courts is invoked is, whether the acts complained of are fair or unfair." (*Fisher* v. *Star Co.*, 231 N. Y. 414; *Hygeia Water Ice Co.* v. *New York Hygeia Ice Co.*, 140 id. 94.) "The law of unfair competition is of comparatively recent origin. It is the necessary creation of intensive business rivalry which often incites unfair methods. Whilst the books contain a multitude of cases bearing on this branch of equity, the principles governing them are simple, as, indeed, are the fundamental rules of honesty and fair dealing. The essence of these principles is that competition between business rivals must be fairly and honestly conducted. 'The survival of the fittest' in trade and commerce must result from contests legitimately launched and ethically directed." (*American Chain Co., Inc.*, v. *Carr Chain Works, Inc.*, 141 Misc. 303, 306, 307.)

Here there is no simulation; no illegitimate competition. Competition, perhaps; but not such competition as constitutes fraud or deception or unfairness.

Viewing the motion in its entirety, the equities are not sufficiently compelling to warrant the invocation of the extraordinary remedy of preliminary injunction.