## RELIANCE STEEL CORPORATION v. RELIANCE TRADING CORPORATION.

### No. 3445.

District Court, E. D. Pennsylvania.

Aug. 18, 1944.

---

[2] Ga.Code 1933, § 20-1006.    [3] Ga.Code 1933, § 38-120.

See also 53 F.Supp. 452.

Bertram Bennett (for Jenkins, Bennett & Libby), of Philadelphia, Pa., for plaintiff.

John Patrick Walsh, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The issue having come to trial on complaint and answer, and having heard the testimony of witnesses and arguments of counsel, I make the following:

#### Findings of Fact

1. The plaintiff, Reliance Steel Corporation, was organized and is existing under and by the virtue of the laws of the State of Ohio, having been created May 24, 1937, and has its principal office and place of business at No. 1170 Ivanhoe Road, in the City of Cleveland, State of Ohio.

2. The defendant, Reliance Trading Corporation, was organized September 5, 1941, and is existing under and by virtue of the laws of the Commonwealth of Pennsylvania and presently has its principal office and place of business at No. 2405–09 North Second Street, in the City of Philadelphia, Commonwealth of Pennsylvania.

3. This Court has jurisdiction of the cause of action by reason of a diversity of citizenship of the parties; because it charges acts of unfair competition with the plaintiff involving an amount in excess of three thousand ($3,000) dollars exclusive of interest and costs.

4. Since its organization and incorporation on May 24, 1937, the plaintiff's business has been that of a processor and warehouse distributor of flat rolled steel products, including the purchasing, processing and selling of hot rolled and cold rolled steel strip and sheets in cut lengths, hot rolled, pickle strip in sheets, in cut lengths and coils, galvanized sheets, long ternes, steel plates and steel bars; the processing consisting principally of grading, shearing, flattening, cutting to width and length, slitting, edging and similar operations to meet customers' specifications.

5. The plaintiff maintains plants and offices at No. 1170 Ivanhoe Road, Cleveland, in the State of Ohio; 1601 S. Wolcott Street, Chicago, in the State of Illinois; 13770 Joy Road, Detroit, in the State of Michigan; Newark and Page Avenues, Lyndhurst, in the State of New Jersey, and at No. 62 Lincoln Street, Worcester, in the State of Massachusetts, and offices at No. 613 Ohio Building, Toledo, in the State of Ohio, 1408 Fletcher Trust Building, Indianapolis, in the State of Indiana, and at No. 627 Beury Building, 3701 North Broad Street, Philadelphia, in the Commonwealth of Pennsylvania.

6. On July 29, 1937, the plaintiff duly registered to do business in Pennsylvania as a foreign corporation in conformity with the laws of the Commonwealth of Pennsylvania in such cases made and provided.

7. On or about November 15, 1938, the plaintiff established a plant and office on the premises situate N.W. corner 22nd and Westmoreland Streets in the City of Philadelphia, Commonwealth of Pennsylvania, where it engaged in business until on or about the 30th day of April, 1941, at which time the said premises were vacated and the plaintiff's office was moved to and is presently located in the Beury Building, 3701 North Broad Street in the City of Philadelphia, as aforesaid.

8. The defendant secured a charter under the laws of the Commonwealth of Pennsylvania on September 5, 1941, under the name "Reliance Trading Corporation" the purpose of which, as appears by its application, is to:

"1. To carry on as principal, agent, commission merchant, etc. the business of buying, selling, extracting, exchanging, converting, separating, grading, grinding, cutting, milling, drilling, concentrating, treating, manufacturing, fabricating, preparing for market, and otherwise producing and dealing in ferrous and non-ferrous metals, ore and minerals and in the products or by-products thereof and generally to do all things incidental to or convenient for or growing out of the aforesaid purposes."

9. Defendant also deals in used machinery such as lathes, milling machines, presses, power presses, and stamping machines.

10. On or about September 5, 1941, defendant established its plant and office at the N.W. corner of 22nd and Westmoreland Streets, Philadelphia, which premises had previously been occupied by plaintiff, but removed therefrom in September, 1942, to 2405–09 North Second Street, Philadelphia, where it now maintains its plant and office for the transaction of its business.

11. On September 8, 1941, and December 6, 1941, two letters addressed to defendant were inadvertently delivered to plaintiff at its Philadelphia office in the Beury Building. The letter of September 8, 1941, contained some printer's proofs belonging to defendant, and the letter of December 6, 1941 was mailed to defendant by Presto Lock Company, an old customer of defendant for many years.

12. Plaintiff's business sign remained on premises occupied by the defendant from September 5, 1941, to sometime in October, 1941, at which latter date defendant removed the sign in compliance with plaintiff's request.

13. Defendant caused its name to be inserted in the classified section of the Philadelphia telephone directory for 1943 under the headings "Steel—Stainless"; "Steel—Strip—Cold Rolled"; and "Steel."

## Discussion

This matter was first heard by me on plaintiff's motion for a preliminary injunction which I denied. By agreement the testimony offered at the preliminary hearing was made part of the evidence. However, no additional testimony was produced of consequence to change my findings or the result. In my opinion in Alexander Young Distilling Company v. National Distillers Products Corp., D.C., 40 F.Supp. 748, at page 753 (affirmed and adopted in 3 Cir., 127 F.2d 727), I said:

" * * * similarity per se in sound or appearance of the trademark is not the true criterion. It is only a step taken in the process of analyzing or judging the true criterion. The test actually is: Will the similarity cause confusion?"

I have therein cited and discussed numerous cases at length and I deem it unnecessary to repeat them here. (The cases arising out of unfair competition are analogous to those which arise out of trade marks,

and are subject to the same rules. Matzger v. Vinikow, 9 Cir., 17 F.2d 581, Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713.)

Plaintiff uses the name "Reliance Steel Corporation" and defendant "Reliance Trading Corporation." To me the distinction in the name is perfectly obvious. Without stating a general principle, the word "Reliance" is a common abstract term of which no one can have a monopoly. Vide "Civil Service," Civil Service Supply Association v. Dean, L.R. 13 Ch.Div. 512; "Antiquarian", Choynski v. Cohen, 39 Cal. 501, 2 Am.Rep. 476.

While it is true that the business of plaintiff and defendant overlap, defendant's though smaller, covers a wider field and includes "trading" in machinery, while the plaintiff's business is confined to rolled steel. Plaintiff is a processor and distributor, while defendant is essentially a jobber. The wares which the parties sell are of a character which would be purchased by more specialized and discriminating purchasers. "The method of selling the goods, and the ordinary circumstances attending the sale must be kept in mind. While the court is not bound to interfere, where ordinary attention will enable purchasers to discriminate between the trade marks used on the goods manufactured by different parties, nevertheless, the character of the article, as well as the use to which it is put, the kind of people who are likely to ask for it, and the manner in which it is probable it will be bought, must not be lost sight of." Nims on Unfair Competition and Trade Marks, p. 838. "The rule which applies to expensive chinaware, or to goods sold only to railroad purchasing agents, differs from that governing cases involving tobacco, gum and other low-priced products." Id., p. 841, and cases cited. Cf. also Eastern Construction Co., Inc., v. Eastern Engineering Corp., 246 N.Y. 459, 159 N.E. 397; Diamond Drill Contracting Co. v. International Diamond Drill Contracting Co., 106 Wash. 72, 179 P. 120; Lawyers Title Insurance Co. v. Lawyers Title Insurance Corporation, 71 App.D.C. 120, 109 F.2d 35.

In the two years in which defendant has been in business there were two occasions where mail directed to defendant was erroneously delivered to plaintiff. I do not consider this sufficient evidence to warrant an injunction. Emerson Electric Manufacturing Co. v. Emerson Radio & Phonograph

552

Corporation, D.C., 24 F.Supp. 481, affirmed 2 Cir., 105 F.2d 908, certiorari denied 308 U.S. 616, 60 S.Ct. 262, 84 L.Ed 515. Nor do I consider the fact that the defendant had for a time occupied the premises vacated by plaintiff to be material at the present time. Defendant no longer occupies the premises and the possible confusion resulting therefrom has now been eliminated.

I therefore state the following

### Conclusions of Law

1. For the reasons stated, the relief sought by the plaintiff cannot be granted and the plaintiff's complaint must be dismissed.

An order may be submitted in accordance with this opinion.