23 N.J. Super. 365 (1952)
93 A.2d 45
B. DiMEDIO & SONS, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
CAMDEN LUMBER & MILLWORK CO., INC., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 12, 1952.
*367 Mr. Meyer L. Sakin, attorney for plaintiff.
Mr. Charles A. Cohen, attorney for defendant.
HANEMAN, J.S.C.
Plaintiff herein seeks to restrain the defendant from using the name "Camden Lumber & Millwork Co." and from using any other name or designation similar to that used by plaintiff in its business. The complaint alleges the following:
Since 1924 one Ben DiMedio has conducted a business under the title or style of Camden Millwork Co., which said business and name were transferred to plaintiff on June 30, 1950. As a result of said user, over the years the name has obtained a secondary meaning, and that having so preempted said name and having used the same since 1924, defendant's subsequent and recent use thereof should be enjoined.
Defendant not only denies the right of the plaintiff to obtain the relief here demanded, but seeks as well to enjoin the *368 plaintiff from using the name Camden Lumber & Millwork Co., Camden Millwork Co., or any variation thereof, upon the ground that it is entitled to the exclusive use of the name Camden Lumber & Millwork Co. as its corporate title, and that the plaintiff, as a corporation, has no right to assume or trade under any name other than its correct corporate title.
At the outset it must be recognized that words descriptive of qualities or attributes, generic designations, personal partnership, and corporate names, geographical terms, and the like, are "trade-names." Such words or associated words may by usage and popular acceptance acquire a secondary, special or trade meaning, as indicative of identification of goods, business or services and therefore entitle such user to protection against an unfair and deceptive usage by another. American Shops, Inc. v. American Fashion, &c., Inc., 13 N.J. Super. 416 (App. Div. 1951); certification denied 7 N.J. 576 (1951).
The plaintiff, in order to succeed, must prove not only a prior use of the name, but also that the commercial employment of the descriptive words here in question, in the territory of his business, has infused them with such secondary meaning. It is not necessary for the plaintiff, to succeed, to prove that the use by the defendant of a name which interferes with the plaintiff's prior use, did so with the premeditated intent to injure the plaintiff or to deceive the public. The consequences of defendant's act predominate over the quality of his motive in the determination of this court. American Shops, Inc. v. American Fashion, &c., Inc., supra.
Having in mind the foregoing legal principles, it is necessary to assay the facts as adduced in the light thereof.
I find the following facts in connection therewith:
Since 1924 Ben DiMedio had operated a lumber and millwork business at 327 Pine Street, Camden, New Jersey. On or about June 30, 1950 said business was sold to B. DiMedio & Sons, Inc., a corporation composed of the said Ben DiMedio and members of his immediate family. Within the past *369 several years a second place of business was opened at 215 East Broad Street, Paulsboro, New Jersey.
The defendant did not know of the use by the plaintiff of the word "Camden" in connection with its business at the time of its incorporation in October 1951.
Prior to the assumption of its corporate name, the incorporators of defendant submitted to their counsel a list of names in order to ascertain which of them were available for incorporation and had not been preempted. Counsel thereupon telephoned to the Secretary of State's office and read off the list seriatim, and when it was discovered that the name "Camden Lumber & Millwork Co." was available, did not bother to make inquiry concerning any of the balance of the names on the list. A number of the names so suggested did not contain the word "Camden."
The defendant was not motivated by an actual fraudulent intent in the obtainance of its name, nor did it actually intend to trade upon any good will engendered by the use of any name used by the plaintiff.
As stipulated by counsel, the use of the name Camden Lumber & Millwork Co. will result in confusion in the minds of the public.
In its attempt to prove a secondary meaning, the plaintiff produced evidence, including invoices, newspaper advertising, etc. The conclusion to be drawn from this evidence was that the plaintiff had added to the confusion concerning the use of the word "Camden" in connection with the type of business being conducted by it. It demonstrated that the plaintiff had, in the past, used the following names: "Camden Millwork Co.," "Camden Lumber & Millwork Co.," "Camden Lumber & Millwork Co., Paulsboro Branch  B. DiMedio & Sons, 215 E. Broad Street, Paulsboro, N.J.," "Camden Millwork Co., Paulsboro Branch, B. DiMedio & Sons, Inc.," "Camden Millwork," with the further legend "Division  B. DiMedio & Sons, Inc.," "Camden Millwork Co.  B. DiMedio & Sons, Inc.," "Cam Millwork Divsn of DiMedio B. & Sons, Inc.," "Camden Millwork Division of *370 DiMedio B. Sons, Inc.," "DiMedio B. & Sons, Inc.," "Camden Division Camden Millwork Co."
It is apparent that the plaintiff, over the years, had not assumed the exclusive use of the title "Camden Lumber & Millwork Co.," but had apparently attempted to use the geographical designation "Camden" with a variety of other words to signify its business. It has not shown preemptive use of any such particular name as is here complained of. By its very proof it has demonstrated that there is no particular set of words which it had used.
As stated in Bear Lithia Springs Co. v. Great Bear Spring Co., 72 N.J. Eq. 871 (E. & A. 1907), the plaintiff has itself occasioned confusion by its use of the variety of titles above referred to, by its vacillating conduct.
In addition, I am not satisfied from the evidence adduced that the use by the plaintiff of any of the names, including the word "Camden" in the business in which it was engaged, have become identified with the business of the plaintiff in the territory in which it was transacting its business, so as to obtain a secondary meaning. From the testimony it seemed to set far more stock in the use of the name "DiMedio." Neither the amount of business which it has done annually over the years, nor the amount of money expended upon its advertising, both of which are elements which may be considered in connection therewith, can result in the conclusion that it had established any secondary meaning, especially when viewed in the light of the extent of the territory which it allegedly serves, and of the comparable amount of business done by the defendant, and the amount of money spent by the defendant for advertising in a period of less than a year. French American Reeds Mfg. Co., Inc. v. Park Plastics Co., Inc., 20 N.J. Super. 325 (App. Div. 1952).
The plaintiff not only did not have such prior use of the name employed by the defendant as to warrant the granting to it the relief here demanded, but as well failed to prove that any secondary meaning became appended to the use of any of the names which it had, on occasion, used.
*371 Having failed, as above found, to establish prior user and secondary meaning, relief will be denied and the complaint dismissed.
It becomes necessary, therefore, to consider defendant's counterclaim.
The mere incorporation by the defendant in the style and title here complained of does not, in and of itself, grant to it any exclusive right to the use thereof. Both prior preemption of a certain name and prior use are essential to an injunction against the use of an identical or similar name. There must as well be proven all of the elements requisite for unfair competition. R.S. 14:2-3 affords no additional right to the use of a name to that already recognized on equitable principles. The defendant having failed to prove a secondary meaning, is as well barred from relief. National Grocery Co. v. National Stores Corporation, 95 N.J. Eq. 588 (Ch. 1924), affirmed, 97 N.J. Eq. 360 (E. & A. 1924).
A corporation may have and become known to the public by more than one name. It may acquire another name or a trade-name by user or reputation. 6 Fletcher on Corporations, sec. 2442; Alexander v. Berney, 28 N.J. Eq. 90 (Ch. 1877).
The counterclaim will be dismissed. Judgment in conformity with the foregoing will be entered.