INDUSTRIAL PLANTS CORPORATION, Respondent, *v.* INDUSTRIAL LIQUIDATING Co., INC., et al., Appellants.

First Department, May 21, 1957.

*Seymour Stone* of counsel (*Philip Novick* with him on the brief), for appellants.

*Irving Fox* for respondent.

*Per Curiam.* By the judgment herein, in addition to other relief, the plaintiff is granted an injunction restraining the defendants from the use of the word '' Industrial '' in the corporate defendant's name.

The record amply demonstrates that the learned trial court at Special Term correctly concluded that "It is convincingly evident that the acts of defendants were calculated to deliberately simulate and imitate plaintiff's trade practices and techniques so as to give the trade and the public the impression that the defendants and the plaintiff were the same or affiliated with each other."

It is our view that upon the established facts it is unnecessary to determine whether the prohibited word "Industrial" has acquired a secondary meaning. The action comes within the exception to the restriction placed upon injunctive relief predicated upon the use of geographical or descriptive words (see *Eastern Constr. Co.* v. *Eastern Eng. Co.*, 246 N. Y. 459). In that case, the Court of Appeals stated (p. 465), "If inference could be drawn that the defendant had chosen the name of Eastern Engineering Company with intent to derive benefit from it at the expense of the plaintiff, our conclusion might be different. Courts of equity are loathe to hold that a knave may carry out a dishonest plan from which he anticipates benefit". Here the defendants deliberately copied a slogan used by the plaintiff, simulated its advertising, and adopted a corporate name as closely identical to that of the plaintiff as possible. All of these acts were either committed or continued after the plaintiff had given notice, in some form, of its objection to such unfair competitive practices. The defendants' intent to deceive the public and the trade is manifest.

Under the circumstances the judgment should be affirmed.

Peck, P. J., Botein, Frank, Valente and McNally, JJ., concur.

Judgment unanimously affirmed, with costs.