EDISON ELECTRIC COMPANY, INC., PLAINTIFF, v. EDISON CONTRACTING CO.—ELECTRICAL CONTRACTORS, EDISON ELECTRICAL CONTRACTORS, INC., EDISON ELECTRICAL MAINTENANCE AND CONSTRUCTION CO., INC., NEW JERSEY BOARD OF ELECTRICAL CONTRACTORS AND THE SECRETARY OF STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Middlesex County

Decided April 22, 1985.

*Norman Robbins* for plaintiff.

*Joseph A. Dambach* for defendant Edison Contracting Co.—Electrical Contractors.

*John J. Cassese* for defendant Edison Electrical Contractors, Inc. (*Adams, DeNoia, Cassese & Papp*, attorneys).

SKILLMAN, J.S.C.

This case requires the court to determine the extent of protection accorded a trade name which describes the location of a business and the service it provides.

Plaintiff, Edison Electric Company (Edison Electric), an electrical contractor, brought suit for trade name infringement against three other electrical contractors which also have the name "Edison" in their trade names, Edison Contracting Company—Electrical Contractors (Edison Contracting), Edison Electrical Contractors, Inc. (Edison Electrical), and Edison Electrical Maintenance and Construction Company, Inc. A settlement was reached with the last named defendant but the case proceeded to trial against the other two.

Edison Electric was the first of the parties to use "Edison" in its trade name. It commenced use of its name in 1954, Edison Contracting in 1974 and Edison Electrical in 1979. Edison Electric and Edison Contracting are both located in Edison. Edison Electrical is in Pleasantville.

Plaintiff alleges that there is not only an inherent likelihood of confusion of its name with those of defendants but that the record shows actual confusion. Such confusion, according to plaintiff, is sufficient to support a judgment enjoining defend-

ants from continuing to do business under any trade name which includes the word "Edison."

The courts of this state have long entertained actions to enjoin unfair trade practices including infringement of trademarks and trade names. *See, e.g., Red Devil Tools v. Tip Top Brush Co.*, 50 *N.J.* 563 (1967); *Great Atlantic & Pacific Tea Co. v. A & P Trucking Corp.*, 29 *N.J.* 455 (1959); *American Shops, Inc. v. American Fashion Shops of Journal Square, Inc.*, 13 *N.J.Super.* 416 (App.Div.1951), certif. den. 7 *N.J.* 576 (1951). However, no case has enjoined use of a trade name simply upon a showing that it was similar to the trade name of a prior user or that there was actual or potential confusion between the names. Rather, a finding of infringement invariably has been predicated on a comprehensive evaluation of a variety of factors, including the nature of the parties' trade names, the character of their businesses, the manner in which their products or services are marketed, the competitive relationship between the parties and the objective of the alleged infringer in adopting its trade name. *See, e.g., Red Devil Tools v. Tip Top Brush Co., supra*, 50 *N.J.* at 566–568; *Great Atlantic & Pacific Tea Co. v. A & P Trucking Corp., supra*, 29 *N.J.* at 459–462; *American Shops, Inc. v. American Fashion Shops of Journal Square, Inc., supra*, 13 *N.J.Super.* at 427–431; *B. DiMedio & Sons, Inc. v. Camden Lumber & Millwork Co.*, 23 *N.J.Super.* 365 (Ch.Div.1952); *51 West 51st Corp. v. Roland*, 139 *N.J.Eq.* 156 (Ch.1946); *Delaware, L. & W.R.R. v. Lackawanna Motor Freight Lines, Inc.*, 117 *N.J.Eq.* 385 (Ch. 1934).

Commentators in the field of trade names and trademarks distinguish between names which are purely arbitrary and those which are descriptive, including geographically descriptive, of the nature or source of a product or service. They conclude that the latter type of name does not receive as much protection as the former. For example, one commentator has observed:

Certain words, terms or names are regarded in the law as incapable of exclusive appropriation. Of this class are generic terms, geographical names and words and terms which are merely descriptive of the goods, services, place where made, the character of the business or the name of the maker .... [T]he preemption of such designations as geographic and generic terms for corporate names, if permitted, would unduly interfere with the necessary or proper use of them by others in the same locality or business. [6 *Fletcher, Cyclopedia Corporations* (1979), § 2427 at 62; footnotes omitted]

*See also* 3 *Callman, Unfair Competition, Trademarks & Monopolies* (4 ed. 1983), § 18.15 at 109. However, a name which originally was descriptive or geographical in nature may become uniquely associated with a particular product or service. It is then said to have acquired a "secondary meaning" which will receive protection. *Fletcher, supra,* § 2427; *Callman, supra,* § 19.25.

The same approach may be found in the *Restatement of Torts* and in the Lanham Trademark Act, 15 *U.S.C.A.* § 1051 *et seq.* The *Restatement* indicates that a geographical or descriptive name will be protected against infringement only if it has acquired "special significance" as the name of a particular business. 3 *Restatement, Torts,* § 716 at 558; *see also* § 720-721 at 575-582.[1] The Lanham act excludes from federal registration any mark which, as applied to the goods of the applicant, is "merely descriptive" (15 *U.S.C.A.* § 1052(e)(1) or "primarily geographically descriptive" (15 *U.S.C.A.* § 1052(e)(2)), but a mark may be registered if it has "become distinctive" of the applicant's goods. 15 *U.S.C.A.* § 1052(f).

There also are a number of cases in other jurisdictions which have declined to extend protection to geographically descriptive names where it could not be demonstrated that those names had become uniquely associated with the party seeking trade name protection. In *Delaware & Hudson Canal Co. v. Clark,*

[1]This topic was omitted from the second *Restatement of Torts* because in the years between publication of the first and second *Restatements* the field of unfair trade practices developed into an independent body of law with reduced reliance upon traditional principles of tort law. 4 *Restatement, Torts* 2d, Introductory Note at 1-2.

80 *U.S.* (13 *Wall.*) 311, 20 *L.Ed.* 581 (1872), the Court held that protection could not be claimed for the name "Lackawanna coal." The Court observed:

[T]he same reasons which forbid the exclusive appropriation of generic names or of those merely descriptive of the article manufactured and which can be employed with truth by other manufacturers, apply with equal force to the appropriation of geographical names, designating districts of country.... They point only at the place of production, not to the producer, and could they be appropriated exclusively, the appropriation would result in mischievous monopolies.... Nothing is more common than that a manufacturer sends his products to market, designating them by the name of the place where they were made. [80 *U.S.* (13 *Wall.*) at 324–325, 20 *L.Ed.* at 584]

In *Edmondson Village Theatre v. Einbinder*, 208 *Md.* 38, 116 *A.2d* 377 (1955), the Maryland Court of Appeals held that the "Edmondson Village Theatre," located in Edmondson Village, a section of Baltimore, could not enjoin a new drive-in theater located three miles away from using the name "Edmondson Drive-In Theatre." The court observed:

While there was some confusion in telephone calls and correspondence between the two theatres during the first eight months, it is not reasonable to believe that any person with ordinary intelligence would have much difficulty in distinguishing between the indoor Edmondson Village and the outdoor theatre three miles to the west. [208 *Md.* at 50, 116 *A.2d* at 383]

*See also Elgin Nat'l Watch Co. v. Illinois Watch Case Co.,* 179 *U.S.* 665, 21 *S.Ct.* 270, 45 *L.Ed.* 365 (1901).

There is a line of older decisions in New Jersey which may appear on first reading to extend the same degree of protection to geographical and descriptive trade names as is given to purely arbitrary names. *See, e.g., Polackoff v. Sunkin,* 115 *N.J.Eq.* 134 (E. & A. 1934); *Delaware, L. & W.R.R. v. Lackawanna Motor Freight Lines, Inc., supra; Cape May Yacht Club v. Cape May Yacht & County Club,* 81 *N.J.Eq.* 454 (Ch.1913). However, all of these cases involved more than simply common use of the same geographical or descriptive terms and resultant confusion between the names. In *Cape May Yacht Club v. Cape May Yacht & Country Club,* dissident members of the "Cape May Yacht Club" established a new club and not only adopted a very similar name, "The Cape May Yacht & Country Club," but also adopted an almost identical

pennant and constructed a new clubhouse at a location where yachtsmen coming to the Cape May area from other places would see it before seeing the clubhouse of the older club. Under these circumstances, the court found that "the defendant imitated in part the complainant's name designedly with a view to attracting attention from the complainant and drawing to itself the patronage and prestige which the complainant would otherwise enjoy." *Id.* at 458. In *Polackoff v. Sunkin, supra,* the court found that the name "New Jersey Malt Supply" had "acquired significance in the mind of the public ... as a designation or symbol" of plaintiff's malt products business and hence enjoined the subsequent adoption by defendant of the trade name "New Jersey Malt Products Co." 115 *N.J.Eq.* at 138. In *Delaware, L. & W.R.R. v. Lackawanna Motor Lines, Inc., supra,* a suit by the Delaware, Lackawanna & Western Railroad to enjoin a trucking company from operating under the name "Lackawanna," the court recognized that "the use of geographical names cannot ordinarily be monopolized in trade circles" (117 *N.J.Eq.* at 390) but found that the circumstances of defendant's adoption of its name were characterized by "fraud, deceptive imitation and unfair competition." *Id.* at 391.

In *American Shops, Inc. v. American Fashion Shops of Journal Square, supra,* the court summarized the protection extended to trademarks which contain geographical or other descriptive words as follows:

> In cases in which the usage of descriptive words ordinarily freely afloat in the public domain is alleged to incite unfair competition, the inquiry envelops the question whether the plaintiff's commercial employment of the words in the territory of his business has also infused them with a so-called secondary meaning.
>
> Certainly, the words of our language are normally public property. The control of equity over words arises from the use which is made of them. They may be lifted from the public domain when their use has come to denote to the purchasing public the particular manufacturer or vendor. [13 *N.J.Super.* at 423.]

Although the opinion is somewhat opaque in this respect, the court apparently concluded that the name "American Shops" had acquired a secondary meaning as a retail clothier in north-

ern New Jersey through extensive advertising and other promotional activity, and it therefore enjoined defendant clothing store's use of the name "American Fashion Shops of Journal Square."

The trade name decisions of the Supreme Court of New Jersey have involved arbitrary names and thus have not provided the occasion for discussion of the differences in protection extended arbitrary and descriptive names. However, by noting in passing that the names were arbitrary, the Court implied that different results would have been reached if the names had been descriptive. In *Great Atlantic & Pacific Tea Co. v. A & P Trucking Corp.*, the Court found that "the symbol 'A & P' is arbitrary and distinctive rather than merely descriptive." 29 *N.J.* at 461. In *Red Devil Tools v. Tip Top Brush Co., Inc.*, the Court observed that "the Red Devil name ... was an arbitrary one which had no descriptive significance and when the defendants deliberately chose it, from the almost unlimited number of arbitrary names available, they invited the resulting confusion." 50 *N.J.* at 568.

In the most recent New Jersey trade name case, the Appellate Division held that the descriptive name "Christian Science Reading Room" was entitled to protection. *Christian Science Bd. of Directors v. Evans*, 199 *N.J.Super.* 160 (App.Div.1985).[2] However, this conclusion was reached only upon finding that the name had acquired a secondary meaning through its long usage by plaintiffs.

■ Therefore, it appears that New Jersey, consistent with the prevailing view throughout the country, recognizes a greater degree of protection for purely arbitrary trade names than for those which are descriptive in nature.

_____

[2]The opinion also held that "Christian Science" is a "generic" term referring to a religion and hence not entitled to protection under any circumstances. Since no claim is made in this case that plaintiff's name is generic, that part of the *Christian Science* opinion has no relevancy here.

 The trade names used by all the parties in this case consist entirely of geographical and descriptive words. Edison is the municipality in which both Edison Electric and Edison Contracting are located. It is also the name of the famous inventor of electrical products, Thomas A. Edison, which has come into common usage to describe electrical products and services.[3] This was the reason the owner of Edison Electrical chose its name. The words "electric" and "electrical" refer to the licensed occupation in which all parties are engaged. *See* *N.J.S.A.* 45:5A-1 *et seq.* Indeed, the designation "electrical contractor" contained in both defendants' names is the statutory term used to refer to licensees. *N.J.S.A.* 45:5A-2(d).

Plaintiff's name has not acquired any secondary meaning by which the name "Edison" has become uniquely associated with its business. It does no advertising other than in the yellow pages and occasionally in programs for local social, civic and political functions. Nor does its name receive notoriety by virtue of its location, since its business is located on a deadend street. One indication of its lack of notoriety is the fact that the principal of Edison Contracting had never heard of Edison Electric when he started his own electrical contracting business in the same municipality.

Another circumstance weighing against any argument that plaintiff's name has acquired a secondary meaning is that plaintiff does no business with the general public. All of its business is commercial and industrial. Nearly 80% of that business is secured by competitive bidding. Most of the remainder is performed for approximately 30 regular commercial customers. No evidence was presented that plaintiff has ever

---

[3]This court takes notice of the fact that various publicly traded corporations, chiefly electric utilities, contain the name Edison: for example, Boston Edison Company, Commonwealth Edison Company and Consolidated Edison of New York. In contrast, it may be observed that Thomas Edison during his lifetime secured an injunction against an automobile manufacturer using his name in its trade name. *Edison Storage Battery Co. v. Edison Automobile Co.*, 67 N.J.Eq. 44 (Ch.1904).

lost a bid or a regular customer due to confusion between its name and that of either defendant.[4] The circumstances of this case are in this respect similar to those in *Eastern Const. Co. v. Eastern Engineering Corp.*, 246 *N.Y.* 459, 159 *N.E.* 397 (1927), in which the court rejected a claim that defendant contractor's use of the word "Eastern" infringed upon plaintiff contractor's use of that term in its trade name, observing:

> The nature of the business in which the defendant competes with the plaintiff reduces almost to the vanishing point the possibility of deception and damage ... The defendant does not seek the patronage of the wayfarer whose purchases are often dictated by hasty impression rather than inspection and consideration. The defendant competes with the plaintiff in bidding for public work. [246 *N.Y.* at 464, 159 *N.E.* at 399]

*See also Callman, supra,* § 20.12.

The limited confusion which has occurred between the names of the parties has caused temporary, minor inconvenience rather than a loss of business. Edison Electric occasionally receives telephone calls and mail intended for Edison Contracting, and a few sales representatives of electrical supply companies have mistakenly gone to the wrong location. However, no harm has resulted to Edison Electric other than the short time spent redirecting mail or persons to their proper destinations. There also were a couple of occasions when plaintiff was denied credit due to confusion with Edison Contracting. However, these problems also were quickly resolved. In any event, such clerical confusion is an inherent risk of choosing to conduct business under a commonplace name such as that of the municipality in which one's business is located, and it is not the type of confusion which will support a claim of trade name infringement. Rather, it is only the "[r]easonable probability of loss of business ... which constitutes the ground for the intervention of a court of equity." *Eastern Const. Co. v. Eastern Engi-*

---

[4]Edison Contracting performed work on one occasion for one of plaintiff's customers. However, this did not occur because of any confusion over names but because the customer was unable to reach any other electrician to perform emergency repairs late at night.

*neering Corp., supra,* 246 *N.Y.* at 465, 159 *N.E.* at 399. Plaintiff has not shown any actual or threatened loss of business or damage to business reputation from Edison Contracting's use of its trade name.

Even more clearly, there is no actual or potential loss to Edison Electric from Edison Electrical's use of its trade name. Edison Electrical's business is confined to the Atlantic County area. On the other hand, Edison Electric does business only in central New Jersey and it has failed to demonstrate any name recognition in the Atlantic County area.

Lastly, the state corporate name statute (*N.J.S.A.* 14A:2–2) adds nothing to plaintiff's claim. The protection provided by this statute is co-extensive with common law principles of trade name infringement and unfair competition. *B. DiMedio & Sons, Inc. v. Camden Lumber & Millwork Co., supra,* 23 *N.J.Super.* at 371; *Nat'l Grocery Co. v. Nat'l Stores Corp.,* 95 *N.J.Eq.* 588, 596 (Ch.1924); *see also Callman, supra,* § 20.67.

Consequently, plaintiff does not have an interest in the name Edison Electric which precludes defendants from using trade names containing the words Edison or Electrical. Judgment will be entered dismissing the complaint.