814 A.2d 1165

AMERICAN HOME MORTGAGE CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF–APPELLANT, v. AMERICAN HOME MORTGAGE CORPORATION, A NEW YORK CORPORA-TION, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 13, 2002—Decided February 6, 2003.

Before Judges WALLACE, JR., AXELRAD and HOENS.

*Jeffrey Baron,* argued the cause for appellant (*Baron, Riefberg & Ward,* attorneys; *Michael J. Ward,* on the brief).

*Henry F. Reichner,* argued the cause for respondent (*Reed Smith,* attorney; *Mr. Reichner,* of counsel and on the brief).

The opinion of the court was delivered by

HOENS, J.A.D.

Plaintiff, American Home Mortgage Corporation, commenced this action in August 1999 by order to show cause and verified complaint seeking permanent injunctive relief against defendant, American Home Mortgage of New York asserting claims of unfair competition and tradename infringement.[1] Pursuant to the direction of the court, counsel for the parties prepared a joint stipulation of facts and filed cross-motions for summary judgment. For reasons expressed on the record, Judge Myron Gottlieb granted defendant's summary judgment motion and dismissed plaintiff's complaint on April 20, 2001. He denied plaintiff's motion for reconsideration thereafter. Plaintiff now appeals, contending that the trial court erred in refusing to enjoin defendant from doing business under a name identical to plaintiff's or, in the alternative, in failing to conduct a plenary hearing to decide disputed issues of fact. We disagree.

Plaintiff is a New Jersey corporation incorporated on November 12, 1987 and licensed since that time through the New Jersey Department of Banking and Insurance to conduct business as a

---

[1] While defendant contends, for reasons we will address, that it is entitled to conduct business in New Jersey under the name "American Home Mortgage" without reference to "of New York," for ease of reference and for purposes of clarity, we will refer to the parties as "plaintiff" and "defendant" except where otherwise necessary. To the extent that a reference to the corporations by a different designation is required, we will refer to the plaintiff as "American Home Mortgage Corp." and to the defendant as "American Home Mortgage of New York."

mortgage banker in the name of "American Home Mortgage Corporation." It originally conducted its business from an office in Atco, Camden County, and moved from that location to Marlton, Burlington County, in May 1993. It currently conducts its business from an office in Moorestown, Burlington County. Its principal means of securing business is through personal contact with real estate professionals and it relies on word of mouth and face-to-face contact in order to maintain a stream of customers. The overwhelming majority of its business is derived from the southern part of the state, and it has no business north of Mercer and Middlesex counties. The largest concentration of its business is in Burlington and Camden counties.

Defendant was initially incorporated in New York in April 1988 as Michael Strauss, Inc. and it was granted a certificate of authority to conduct business in New Jersey under that name on November 18, 1993. On February 10, 1994, defendant registered "American Home Mortgage" as an alternate name under which to conduct business with the New Jersey Secretary of State, and it received a mortgage banker's license in that name from the Department of Banking and Insurance on March 29, 1994. By corporate resolution passed in April 1999, defendant changed its name to "American Home Mortgage Corporation" and adopted the name "American Home Mortgage Corp. of New York" for use in the State of New Jersey. It obtained an amended certificate of authority from the New Jersey Department of the Treasury under the name "American Home Mortgage Corporation d/b/a American Home Mortgage Corp. of New York" in the same month. Defendant had an office in Parsippany for many years and also maintained office locations in Mount Laurel from January 19, 1998 through November 30, 1999. Its main method of securing business is through advertising, both in newspapers of general circulation, including The Star Ledger, and in the Yellow Pages for certain northern counties. The great majority of defendant's business comes from loans originating in counties to the north of Mercer and Middlesex and is heavily concentrated in Bergen, Morris and Essex counties.

Plaintiff's complaint asserted that it learned of the existence of defendant late in 1998. It received first a letter and later a formal complaint filed with the Consumer Service Center from an individual complaining about harassing tactics by personnel from "American Home Mortgage" which plaintiff then traced to telemarketers employed by defendant. Plaintiff asserted that there were other instances in 1999 of confusion arising from defendant's use of that name and it applied for a statewide injunction based on allegations that defendant had engaged in "tradename infringement and . . . unfair competition." Plaintiff's order to show cause was granted and a preliminary injunction was issued. The effect of that injunction was stayed by consent. The parties thereafter filed cross-motions for summary judgment based on a stipulated record.

At the oral argument of the motions, plaintiff conceded that it was not asserting that the use of the name was unfair competition. Rather, plaintiff contended that its claim against defendant was for trade name infringement. The judge rejected that claim on the ground that mere confusion, in the absence of either an unauthorized use of the name or evidence of wrongdoing, was insufficient to support plaintiff's demand for injunctive relief. The judge granted summary judgment in defendant's favor. Plaintiff's motion for reconsideration, which asserted that genuine issues of fact precluded relief, was denied.[2] This appeal followed.

We owe no special deference to the decision of the motion judge on matters of law. *Manalapan Realty, L.P. v. Township Committee*, 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995). The standard we employ in our review of this summary judgment order, therefore, is identical to that utilized by the trial court. *Prudential Property & Cas. Ins. Co. v. Boylan*, 307 *N.J.Super.* 162, 167, 704

---

[2] Plaintiff's motion before this court which sought to supplement the record by adding further evidence in support of this contention was denied prior to the oral argument. *R.* 2:5–4(a); *Atlantic Employers Ins. Co. v. Chartwell Manor School*, 280 *N.J.Super.* 457, 467, 655 *A.*2d 954 (App.Div.1995).

*A.*2d 597 (App.Div.1998), *citing Brill v. Guardian Life Ins. Co.,* 142 *N.J.* 520, 539–40, 666 *A.*2d 146 (1995). We therefore address whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. While plaintiff contends that there are numerous issues of fact, only factual disputes that are material, as opposed to those that are insubstantial, are of consequence. *Ibid.*

Trade name infringement is a form of unfair competition.[3] Protection for trade names historically arose as a means of addressing the common law tort of "passing off" one's product as that of another. *See Squeezit Corp. v. Plastic Dispensers, Inc.,* 31 *N.J.Super.,* 217, 221–22, 106 A.2d 322 (App.Div.1954); *American Shops, Inc. v. American Fashion Shops,* 13 *N.J.Super.* 416, 420, 80 *A.*2d 575 (App.Div.1951). Imitation of a product, whether its appearance or its name, is only prohibited, therefore, if it meets the tests we have devised for determining that the imitation amounts to unfair competition. *Id.; see also Red Devil Tools v. Tip Top Brush Co.,* 50 *N.J.* 563, 567–68, 236 *A.*2d 861 (1967). The essential theory is that when an individual or entity has expended effort to create good will for a product associated with a name, that name has become a valuable commodity entitled in general to protection. *Great Atlantic & Pacific Tea Co. v. A & P Trucking Corp.,* 29 *N.J.* 455, 457–58, 149 *A.*2d 595 (1959).

Not every name under which one elects to do business, however, is entitled to protection against the use of that name or a similar one by one's competitors. *Edison Electric Co. v. Edison Contracting Co.,* 203 *N.J.Super.* 50, 52, 495 *A.*2d 905 (Ch.Div. 1985). Trade names that are purely arbitrary, in general, are entitled to more protection than those that are merely descriptive

---

[3] Plaintiff on appeal appears to have revived the unfair competition aspect of the complaint. While technically impermissible, *R.* 2:6–2(a)(1); *see Triffin v. Somerset Valley Bank,* 343 *N.J.Super.* 73, 79–80, 777 *A.*2d 993 (App.Div.2001), we address it as a part of our analysis of the trade name infringement complaint nonetheless.

or geographical. *Id.* at 54–55, 495 *A.2d* 905, *citing Cape May
Yacht Club v. Cape May Yacht & Country Club,* 81 *N.J.Eq.* 454,
458, 86 *A.* 972 (Ch.1913); *see Christian Science Bd. of Dir. v.
Evans,* 191 *N.J.Super.* 411, 421, 467 *A.2d* 268 (Ch.Div.1983), *aff'd
in part, rev'd in part,* 199 *N.J.Super.* 160, 488 *A.2d* 1054 (App.Div.
1985), *aff'd,* 105 *N.J.* 297, 520 *A.2d* 1347 (1987). Mere registration
of a name with the Secretary of State affords the senior registrant
no particular power to prevent others from using the same or
similar names. *N.J.S.A.* 14A:2–2.1; *see Wiener King, Inc. v.
Wiener King Corp.,* 407 *F.Supp.* 1274, 1281 (D.N.J.1976), *aff'd o.b.,*
577 *F.2d* 731 (3rd Cir.1978). Instead, our courts have generally
utilized a multi-part test against which to test claims of trade
name infringement. *See Edison Elec. Co. v. Edison Contr. Co.,
supra,* 203 *N.J.Super.* at 52, 495 *A.2d* 905. While plaintiff here
amply demonstrated that the name used by defendant is an
identical one, and that the character of the two businesses is the
same, their mode of business acquisition and marketing is differ-
ent, their geographic areas of concentration are different, and
there is no evidence that the defendant adopted the name in an
effort to take advantage of plaintiff's good name or business
reputation. Those facts, all of them undisputed, are fatal to the
plaintiff's claim.

■ Nor is there any evidence that the plaintiff's name had
acquired a secondary meaning sufficient to afford it protection.
Because plaintiff's trade name is merely descriptive and generic, it
must demonstrate that the name has acquired a secondary mean-
ing in order to cloak it with protection against use by others. *See
American Shops, Inc., v. American Fashion Shops, supra,* 13
*N.J.Super.* at 422, 80 *A.2d* 575; *cf. Squeezit Corp. v. Plastic
Dispensers, Inc., supra,* 31 *N.J.Super.* at 223, 106 *A.2d* 322 ("it
must show that the product has attained a primary significance in
the mind of the consuming public which is attached to the produc-
er and not to the utilitarian function of the product"). In order to
do so, plaintiff must demonstrate that its "name which originally
was descriptive or geographical in nature ... [became] uniquely

associated with a particular product or service." *Edison Elec. Co. v. Edison Contr. Co., supra,* 203 *N.J.Super.* at 53, 495 *A.*2d 905, *citing* 6 *Fletcher Cyclopedia Corporations* § 2427 at 62 (1979).

Plaintiff's proofs respecting secondary meaning are absent. It has not demonstrated that the purely descriptive name it chose for its business has in any sense become associated with its particular product or service. It is, therefore, unlike other purely descriptive names found deserving of protection. For example, the religious institution in *Christian Science Bd. of Dir. v. Evans,* 199 *N.J.Super.* 160, 488 *A.*2d 1054 (App.Div.1985), *aff'd,* 105 *N.J.* 297, 520 *A.*2d 1347 (1987), gained protection for some uses of its name but not others. While the descriptive name for the church was merely generic and not protected in general, the designation when used for its library, or reading room, had become so synonymous with that particular religious institution that it had acquired a secondary meaning. *Id.* at 171, 488 *A.*2d 1054. In the record before us, however, there was no evidence that the descriptive generic name plaintiff chose has risen to that level. Plaintiff's own officers conceded that they had never heard of plaintiff prior to accepting employment there. Plaintiff stipulated that there are several other entities offering residential mortgages with similar names, including American Home Funding, American Homestead, and American Mortgage Source. At most, plaintiff offered the court anecdotal evidence of confusion among customers, but that confusion was evident not only between these parties but as among the other entities with similar names as well. Even so, mere confusion is insufficient to support an injunction based on a claim of unfair competition or trade name infringement. *See Edison Elec. Co. v. Edison Contr. Co., supra,* 203 *N.J.Super.* at 52, 495 *A.*2d 905. In the absence of evidence establishing that the entirely generic and descriptive name, "American Home Mortgage" had achieved secondary meaning, plaintiff was not entitled to an injunction and defendant was properly granted summary judgment.

Notwithstanding the foregoing, we note that much of the confusion plaintiff complained of could well have been avoided had defendant utilized the full name under which its authority to conduct business in this state is permitted. While we agree with the trial judge that there is no ground on which to enjoin defendant from doing business at all, we are persuaded that the order appealed from should be amended to require defendant to identify itself in all of its business dealings in this state only by its proper and authorized name, "American Home Mortgage Corp. of New York." *See Great Atlantic & Pacific Tea Co. v. A & P Trucking Corp.*, 51 *N.J.Super.* 412, 425, 144 *A.*2d 172 (App.Div. 1958), *rev'd on other grounds*, 29 *N.J.* at 461–63, 149 *A.*2d 595. We remand for that limited purpose.

The matter is, therefore, remanded for entry of an order which should be modified to require defendant to utilize its complete authorized name "American Home Mortgage Corp. of New York" for all purposes in the State of New Jersey. The order appealed from is in all other respects affirmed.