10 N.J. Super. 350 (1950)
76 A.2d 277
HARRY DONNER, INDIVIDUALLY AND TRADING AS PARKER CREDIT CO., PLAINTIFF,
v.
PARKER CREDIT CORP., A CORPORATION OF NEW JERSEY, AND PARKER CREDIT CORP., A CORPORATION OF NEW YORK, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 31, 1950.
*352 Messrs. Raff & Sherman, attorneys for plaintiff.
Messrs. Ruback, Albach & Weisman, attorneys for defendants.
STEIN, J.S.C.
This matter comes before me on plaintiff's motion for a preliminary injunction to restrain the two defendants from using in business the name "Parker Credit Corp." or "Parker Credit" or "Parker Credit Co." or any combination of words of which the name "Parker" is a component part. At the oral argument counsel stated that the controversy could be disposed of with finality at this time, *353 since a final hearing would present no facts or issues other than those already before the court in the form of the affidavits submitted by the respective parties. Accordingly, the attorneys for both sides stipulated in open court and for the record that the parties waived a final trial and that they submitted the cause for final judgment on the affidavits presented on the motion.
The facts are not in dispute. The plaintiff has since 1947 been engaged in the Counties of Essex, Hudson and Union in the business of selling at retail and on credit jewelry and general merchandise. On July 16, 1947, he filed with the Essex County Clerk a certificate of trade name assuming the trade style and designation of "Parker Credit Co."
The New York corporate defendant was incorporated in 1949 in the State of New York under the name "Parker Credit Corp." Its business has been that of selling at retail, on the installment plan, only jewelry, and its business field has been greater New York, including Long Island and Staten Island. About August 18, 1950, that company determined to extend its business into the State of New Jersey. That purpose it accomplished by incorporating in this State a company by the same name used in New York, viz., "Parker Credit Corp." Before obtaining its New Jersey charter, it inquired from our Secretary of State as to the availability of that name in this State and was advised that that name could be used for a corporate charter. Such incorporation was in fact accomplished on August 18, 1950, since which time that company has done business in this State, selling only jewelry. The officers of that company had never heard of the plaintiff and never knew of his business activities under the name of "Parker Credit Co." until the plaintiff on October 2, 1950, made protest. Negotiations then ensued, in the course of which defendants were informed that the plaintiff claimed priority on the use of the name because of the filing of the trade name certificate. In those negotiations the defendants endeavored, for a consideration, to obtain the plaintiff's consent to their use of said name in this State. The parties *354 could not agree and on October 11, 1950, negotiations ended. Two days later, on Friday, October 13, 1950, this action was commenced and the same day service was made of the complaint, the summons, and the notice of motion for preliminary injunction. The following Monday the defendants served an answering affidavit in which they declared that the adoption and use by them of the name objected to was wholly without knowledge on their part and they declared themselves ready to submit to a final judgment containing a permanent restraint against their continuing to make sales in this State under the name of "Parker Credit Corp." The same day they instructed counsel to incorporate a new company in New Jersey, the name of which was not to contain the word "Parker," and they began calling in their salesmen to instruct them to make no further sales under the name "Parker" but only under such other name as would be allowed to them by the Secretary of State.
The defendants resist the granting of any accounting for profits and the imposition of any costs of suit. With respect to profits, they insist that since their invasion of the plaintiff's name was made innocently and without knowledge and because they offered almost immediately to discontinue the objectionable use, they should not be held accountable for any profits earned by them during the short period that they used the name. With respect to costs, they take the position that before suit was started they offered to desist from the use of the name, requesting from the plaintiff only a short period of time within which to collect in their outstanding receivables under the name by which those receivables were acquired. I think the defendants' position is fair and sound and that the relief to be afforded by final judgment should be confined to an injunction without profits, damages or costs.
The facts before me do not disclose the slightest bit of proof that the defendants had any knowledge of the plaintiff's use of the name prior to the protest made on October 2, 1950. The plaintiff disputes this, claiming that the mere filing by him of a certificate of trade-name or assumed name *355 constitutes constructive knowledge on the part of the defendants and that their omission to examine the records in the Essex County Clerk's Office is evidence of bad faith and wilful infringement on their part. This argument is untenable. Even if a duty rested on the defendants to examine the county clerk's records, the omission to do so could at most amount to an act of negligence, not wilful and fraudulent conduct. There was, however, no duty upon the defendants to examine those records. They are not intended to furnish, and cannot operate to give, constructive notice. No statute can operate as a means of constructive notice unless by its very terms that purpose is clearly indicated, as is the case with statutes dealing with conveyances, mortgages, liens, etc. The purpose of the statute R.S. 56:1-2 was declared by the Court of Errors and Appeals in the case of Rutkowsky v. Bozza, 77 N.J.L. 724 (E. & A. 1909). That purpose was "obviously to protect persons giving credit to the fictitious firm on the faith of the fictitious designation. It could have no other purpose." The statute itself makes its violation a misdemeanor. Being purely penal, it must, of course, be strictly construed.
It stands clearly established that the defendants here acted in good faith and in ignorance of the plaintiff's prior use. It was not incumbent on them to examine the records in the 21 counties of this State to ascertain if, perchance, the name sanctioned by the Secretary of State was not already in use under a filed trade certificate. Immediately upon learning of the infringement, they offered to desist using the name on all future sales, asking only a short period of time within which to collect in, by suit or otherwise, their outstanding receivables under the then used name. This was refused and within two days after such refusal this action was started. Within less than 72 hours, including a Saturday and a Sunday, the defendants, in writing, tendered their submission to an injunction. I find that there was no wilful and fraudulent misuse of the plaintiff's name and that at all times before and since the starting of the action the defendants *356 acted in perfect good faith. That such good faith, while not a defense to injunctive relief, does constitute a defense to profits and damages is well settled. See Nims on Unfair Competition and Trade Marks, Vol. 2, § 431, p. 1387; Saxlehner v. Siegel-Cooper Company, 179 U.S. 42 (U.S. Sup. 1900); Regis v. Jaynes, 191 Mass. 245 (Sup. 1906); Rubber & Celluloid Co. v. DeVoe, 233 Fed. 150 (D.C.N.J. 1916); Peerless Rubber v. Nichol, 187 Fed. 238 (U.S.C.C. 1911); Fairbank v. Windsor, 124 Fed. 200 (U.S.C.C.A. 1903); International Silver Co. v. Rogers Corporation, 67 N.J. Eq. 646 (E. & A. 1904). The same principle is implicit in A. Hollander, &c., Inc. v. Philip A. Singer, &c., Inc., 119 N.J. Eq. 52 (Ch. 1935), where profits were allowed against the infringer of a trade-mark but only because the evidence established that the defendant had not acted in good faith or through inadvertence or in ignorance of complainant's rights but had, on the contrary, persisted in the infringing use notwithstanding knowledge and protest, and so persisted until the cause was tried and determined. There profits were awarded because the court found as a fact that the defendant had acted in bad faith and with purpose and deliberation and in open defiance of complainant's rights. Not so in the present case.
There will be a final judgment permanently restraining the defendants from using the word "Parker" in any form whatsoever in the conduct of their business in this State, except that for the period of sixty days from the date of the entry of the judgment the defendants will be permitted to collect their receivables presently outstanding in this State under their present name, providing that on all literature used in such endeavor there shall plainly appear a statement or indication that the name has been changed to the new name which the defendants may assume and which must not contain the word "Parker." Such new name may be assumed either by a new corporation in this State or by a change of name of the existing corporation. Profits and damages are denied. Costs are not allowed. Present judgment.