242 N.J. Super. 254 (1990)
576 A.2d 346
NELSON CRESPO, PLAINTIFF,
v.
JOSEF STAPF, JOSEF STAPF MASCHINENBEAU, BETTFEDERENBEAR-BEITUNGSMASCHINEN, SCHACHNE FEATHER COMPANY, HUDSON FEATHER AND DOWN PRODUCTS, INC., PURO DOWN INTERNATIONAL OF NEW JERSEY, CORPORATION, PURO INTERNATIONAL OF NEW JERSEY CORP., JOHN DOE, (FICTITIOUS) AND ABC COMPANY, (FICTITIOUS), DEFENDANTS.
Superior Court of New Jersey, Law Division Hudson County.
Decided March 21, 1990.
*256 Renee Steinhagen of the New York Bar, argued the cause for plaintiff (Ball, Livingston & Tykulsker, attorneys).
Angela A. Iuso argued the cause for defendants, Josef Stapf and Josef Stapf Maschinenbeau (Connell, Foley & Geiser, attorneys).
Harry Haushalter, Deputy Attorney General, argued the cause for Robert DelTufo, Attorney General, intervenor.

OPINION
WEFING, J.S.C.
Defendant Josef Stapf is a resident of Stuttgart, Germany, and owns an unincorporated business known as Josef Stapf Maschinenbeau which is also located in Germany. He sought to dismiss the plaintiff's complaint in this product liability action on the ground that our statute which tolls the statute of limitations for nonresident individuals, N.J.S.A. 2A:14-22, is *257 unconstitutional under the commerce clause of the United States Constitution. U.S. Const. Art. I, § 8, cl. 3. Since the defendant's argument was addressed to the constitutionality of this statute, notice was given pursuant to R. 4:28-4 to the Attorney General, who was thereafter permitted to intervene, file a brief and argue in support of the statute.
The issue is presented in the following factual context. The plaintiff was employed by Puro International, Inc. as an operator of a feather-washing machine and on March 30, 1983, while operating the machine, severely injured his right hand. He consulted with an attorney who conducted an investigation and learned that the machine in question had been manufactured and installed by Josef Stapf. This attorney advised Mr. Crespo of his rights under our workers compensation statute, N.J.S.A. 34:15-1 et seq. but not of the possibility of instituting a third-party product liability claim. Sometime thereafter, Mr. Crespo contacted his present attorney who began a malpractice action against plaintiff's first attorney on the theory that the first attorney had permitted the two year statute of limitations under N.J.S.A. 2A:14-2 to run on Mr. Crespo's third party action. The first attorney defended that claim on the ground that there was no malpractice as a matter of law since plaintiff was entitled to the benefit of the tolling provisions of N.J.S.A. 2A:14-22. The malpractice complaint was dismissed without prejudice and plaintiff filed this complaint on May 26, 1988, more than five years after his original injury. Defendant Stapf was served on November 26, 1988 in accordance with the Hague Convention. Stapf filed an answer and included among his defenses that this action was barred by the statute of limitations.
N.J.S.A. 2A:14-22 provides in pertinent part:
If any person ... is not a resident of this State when such cause of action accrues ... the time or times during which such person ... is not residing within this State ... shall not be computed as part of the periods of time within which such an action is required to be commenced by the section.
*258 Plaintiff urges that since Stapf was not a resident of the State of New Jersey at any time after his accident, the statute of limitations has not started to run. Defendant urges, in response, that since the only way a nonresident individual may receive the benefit of the statute of limitations is if that individual becomes a resident of New Jersey, the statute imposes an undue burden on interstate commerce.
It should be noted at the outset that in the face of a constitutional challenge to legislation, every possible presumption favors the validity of the Legislature's act. New Jersey Sports & Exposition Authority v. McCrane, 61 N.J. 1, 292 A.2d 545 (1972), app. dism. 409 U.S. 943, 93 S.Ct. 270, 34 L.Ed.2d 215 (1972). "... where ... the constitutional issue must be dealt with, every reasonable intendment runs in favor of constitutionality ... because of seemly respect for the act of a co-equal branch of government, ..." New Jersey Association on Correction v. Lan, 80 N.J. 199, 218, 403 A.2d 437 (1979).
To determine whether state legislation which affects interstate commerce may be upheld under the commerce clause, the first issue which must be dealt with is which test should be applied to measure the statute, the per se test or the balancing test. Under the former, statutes whose sole purpose is economic protectionism have been held to be per se violations of the commerce clause. Philadelphia v. New Jersey, 437 U.S. 617, 98 S.Ct. 2531, 57 L.Ed.2d 475 (1978). See the discussion of the per se rule in First Family Mortg. Corp. v. Durham, 108 N.J. 277, 285-6, 528 A.2d 1288 (1987), cert. dismissed as moot, 487 U.S. 1213, 108 S.Ct. 2863, 101 L.Ed.2d 899 (1988) which upheld the Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 to 23 as valid under the commerce clause. The purpose of this statute, however, is to preserve causes of action which New Jersey residents may have against nonresidents, not to erect barriers against foreign businesses competing with New Jersey ones. I thus conclude the per se test is inapplicable.
*259 The balancing test has been summarized in the following manner:
State regulation affecting interstate commerce will be upheld if (a) the regulation is rationally related to a legitimate state end, and (b) the regulatory burden imposed on interstate commerce, and any discrimination against it, are outweighed by the state interest in enforcing the regulation. Coons v. American Honda Motor Co., 94 N.J. 307, 316-17 [463 A.2d 921] (1983), quoting L. Tribe, American Constitutional Law § 6-5 at 326 (1978 ed.)
The clear purpose of the statute is to preserve for New Jersey plaintiffs causes of action which may accrue against out-of-state defendants who may be either not easily located or easily served or both. See The Tolling Provision of the Statute of Limitations  A Haven for the Dilatory Plaintiff, 10 Seton Hall L.Rev. 585 (1980). A state may consider that preserving such causes of action for its citizens is a matter of "legitimate local concern" which it may attempt to regulate under its general police powers even though such regulation may affect interstate commerce. First Family Mortg. Corp. v. Durham, supra, 108 N.J. at 284, 528 A.2d 1288. This plaintiff should not be deprived of the benefit of this statute, if it is otherwise valid, merely because Stapf was locatable and susceptible to service, prior to the period of limitations contained in N.J.S.A. 2A:14-2. A decision resting on that basis would only invite protracted collateral litigation in future cases to determine when a plaintiff knew of the whereabouts of a potential defendant.
A state such as New Jersey has a legitimate interest in seeking to preserve its citizens' causes of action, to see that its citizens are not denied compensation for injuries caused by the fault of a nonresident. The method selected by the Legislature when it adopted N.J.S.A. 2A:14-22, tolling the statute of limitations, is rationally related to that end and thus the statute passes the first prong of the balancing test.
The second prong requires a sensitive balancing between the State's legitimate interest in preserving such causes of action and any resultant burden which flows from the method *260 selected. Under the statute, the only method by which a nonresident individual may receive the protection of our statute of limitations is to become a resident of this state. Although courts should, when considering the constitutionality of a statute, "read ... (it) as implying matters requisite to its constitutional viability if it contains terms which do not exclude such requirements" New Jersey Sports & Exposition Authority v. McCrane, supra 61 N.J. at 8, 292 A.2d 545, I am precluded, as a trial court, from construing the statutory phrase "resident of this State" to mean subject to New Jersey's long-arm jurisdiction. Velmohos v. Maren Engineering Corp., 83 N.J. 282, 416 A.2d 372 (1980) vacated 455 U.S. 985, 102 S.Ct. 1605, 71 L.Ed.2d 844 (1982); Lemke v. Bailey, 41 N.J. 295, 196 A.2d 523 (1963).
Our Supreme Court has indicated, in dicta, that an attempt to require a foreign corporation to obtain a certificate to do business to obtain the benefits of the statute of limitations would not survive a balancing analysis for commerce clause purposes. Coons v. American Honda Motor Co., supra 94 N.J. at 317, 463 A.2d 921. If a foreign corporation cannot be required to obtain such a certificate, I conclude an individual may not be required to take up residency.
A state "may not condition this exercise of the defense (of the statute of limitations) on the ... relinquishment of rights that the foreign ... (defendant) would otherwise retain." Bendix Autolite Corp. v. Midwesco Enterprises, Inc., 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988). Among the rights a foreign defendant would retain is the right to choose his residence, and in particular, to choose not to be a resident of this State.
Both the plaintiff and the Attorney General have argued, in support of the statute, that a nonresident individual does not have to become a resident of this State to obtain the benefit of our statute of limitations. They contend that a non-resident individual can avoid the tolling statute if that individual files a trade name certificate with the appropriate *261 County Clerk under N.J.S.A. 56:1-2. That statute provides in part:
No person shall conduct or transact business under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person shall file a certificate in the office of the clerk of the county or counties in which such person conducts or transacts, or intends to conduct or transact, such business, ...
That statute is, by its own terms, wholly inapplicable to this situation since the defendant Josef Stapf has at all times conducted business only under his own name. The purpose of that statute, moreover, has consistently been held to be to protect creditors, Rutkowsky v. Bozza, 77 N.J.L. 724, 73 A. 502 (E. & A. 1909); Donner v. Parker Credit Corp., 10 N.J. Super. 350, 76 A.2d 277 (Ch.Div. 1950), not to afford a method by which nonresident individuals may invoke a statute of limitations defense. Indeed, even proper trade name certificates filed in accordance with the statute do not give constructive notice to anyone of their contents. Id. at 355, 76 A.2d 277. The argument is unavailing. I have concluded that N.J.S.A. 2A:14-22 is invalid under the commerce clause and thus grant defendant's motion. Please submit a form of order.