**HARRISON AVENUE RECYCLING, INC., Plaintiff/Counter–Defendant,**

v.

**Robert P. CASEY and Anita Casey, Defendants/Counter–Claimants.**

**Civ. A. No. 94–6023 (JBS).**

United States District Court, D. New Jersey.

Aug. 4, 1995.

Michael G. Brennan, Brennan & Bernardin, Collingswood, NJ, for plaintiff.

Thomas Joseph Hagner, Scharow, Adler, Gold, Taylor & Keyser, Cherry Hill, NJ, for defendants.

### *OPINION*

SIMANDLE, District Judge:

This matter involves a dispute over the use of a common trade name, Harrison Avenue Recycling. Both plaintiff/counter-defendant and defendants/counter-plaintiffs operate recycling businesses on Harrison Avenue in Camden, New Jersey, with plaintiff/counter-defendant's business incorporated as and operating under the trade name "Harrison Avenue Recycling, Inc." and defendants/counter-plaintiffs' unincorporated business operating under the trade name "Harrison Avenue Recycling." Plaintiff's complaint seeks equitable relief and damages, as does defendants' counterclaim. The matter is before the court following a hearing on July 28, 1995 upon the motion of defendants/counter-claimants for summary judgment.[1]

Plaintiff's complaint alleges that the defendants, Robert P. Casey and Anita M. Casey, have misappropriated plaintiff's corporate name for the purpose of conducting a recycling business, for which injunctive relief, an accounting and money damages are sought.

(Compl. filed Nov. 23, 1994.) The Caseys' counterclaim alleges that they filed and used the trade name "Harrison Avenue Recycling" in May, 1993, and that plaintiff/counterclaim-defendant did not commence business until 1994 when it created large signs across the street and began to divert the Caseys' customers; the counterclaim's first count seeks compensatory and punitive damages and an order restraining the plaintiff/counterclaim-defendant from using the name "Harrison Avenue Recycling," while the second count alleges that such conduct constitutes and unconscionable commercial practice under unidentified New Jersey statutes, for which treble damages, an injunction, and attorney's fees are sought.

### *Factual Background*

The facts pertinent to a resolution of the complaint and counterclaim are undisputed. On May 13, 1993, defendants/counter-plaintiffs registered the name of their business, "Harrison Avenue Recycling," with the Clerk of the County of Camden. *See* Certif. of Robert P. Casey at ¶ 2; Non–Resident Trade Name Registration, Ex. "A" to Casey Certif. The business was described therein as involving the recycling of concrete, brick and block. *Id.* The business name was in use by defendants/counter-plaintiffs for a short time prior to the actual trade-name registration and has been in use since that time. Casey Certif. ¶ 3. The name of defendants'/counter-plaintiffs' business is prominently displayed on the premises and is visible to all who pass the property, including William Hargrove, the principal of plaintiff Harrison Avenue Recycling, Inc., who has an office located across the street from that of defendants/counter-plaintiffs. *Id.* at ¶ 5. It is undisputed that Mr. Hargrove often saw defendants' large mounted signs on their property displaying defendants' trade name, "Harrison Avenue Recycling." *Id.*

Although defendants/counter-plaintiffs had previously and openly been using the name "Harrison Avenue Recycling" and although Mr. Hargrove had been a neighbor engaged

---

1. The summary judgment motion is actually a partial summary judgment motion, as it appears with regard to the counterclaim that defendants/counter-plaintiffs seek summary judgment only upon their claims for equitable relief.

in other businesses for some time, on or about September, 1994, Mr. Hargrove began to operate a corporation under the name "Harrison Avenue Recycling" on the same street as the defendants'/counter-plaintiffs' property. According to plaintiff/counter-defendants' complaint, the plaintiff's certificate of incorporation was not filed with the Secretary of State until January 26, 1994. Cmplt. ¶ 2.

It is undisputed that customer confusion began shortly after plaintiff/counter-defendant began operating its business. Casey Certif. ¶ 6. Defendants/counter-plaintiffs provide the court with an example of such confusion, wherein checks intended for defendants/counter-plaintiffs were received by plaintiff/counter-defendant and not returned. *Id.* ¶ 7.

The parties' two recycling yards lie six blocks apart, and the record is also uncontradicted that plaintiff/counter-defendant's property is located such that using a customary truck route into the neighborhood, a truck driver would always pass plaintiff/counter-defendant's property before coming to defendants'/counter-plaintiffs' property. *Id.* ¶ 8. As a consequence, customer confusion results. *Id.*

### Discussion

This court has diversity jurisdiction, and New Jersey law supplies the rule of decision. The motion of defendants/counter-plaintiffs is premised upon New Jersey common law, and we therefore focus our discussion upon the state common law cause of action for unfair business practices for appropriation of a prior user's trade name.

New Jersey has long recognized a cause of action for the danger of harm to a plaintiff's trade from the defendant's use of plaintiff's trade name in such a way as to deceive the public into the belief that the defendant's affairs are those of the plaintiff. *See American Shops, Inc. v. American Fashion Shops,* 13 N.J.Super. 416 (App.Div.1951) (citing *Cape May Yacht Club v. Cape May Yacht and Country Club,* 81 N.J.Eq. 454 (Ch. 1913)).

Thus, in *Donner v. Parker Credit Corp.,* 10 N.J.Super. 350 (Ch.Div.1950), where the plaintiff operated his jewelry business in New Jersey under the trade name "Parker Credit Co.," which name had been registered with the Essex County Clerk in 1947, plaintiff was determined to be entitled to an injunction restraining defendant, another jewelry seller previously operating only in New York, from operating its business under the name "Parker Credit Corp." in New Jersey, despite the fact that defendant's business had been operating under that name since 1949 in New York, and despite the fact that defendant was able to obtain a certification of incorporation under that name in New Jersey in 1950. Indeed, unlike Mr. Hargrove, the defendant in *Donner* was ignorant of the fact of plaintiff's prior registration and use of the trade name. Nonetheless, finding that good faith is not a defense to a request for injunctive relief but is only a defense to a claim for damages, the court permanently enjoined defendant from the use of the name in New Jersey. *Id.* at 356.

Here, there is no dispute that plaintiff/counter-defendant incorporated under the name "Harrison Avenue Recycling, Inc." at a point in time subsequent to defendants'/counter-plaintiffs' use and registration of the trade name. It is therefore uncontested that defendants/counter-plaintiffs were prior users of the trade name in the same business in the same neighborhood. As made clear in *Donner,* the fact that no entity was previously *incorporated* under the same name is of no moment to the analysis. The facts of the present case, of course, are more compelling than those of *Donner,* because plaintiff/counter-defendant cannot claim ignorance of the fact of the prior use of its chosen name by defendants/counter-plaintiffs.

The only interesting question on the present motion is whether the fact that the trade name at issue is merely descriptive of a geographic location alters the analysis. In *Edison Electric Co., Inc. v. Edison Contracting Co.,* 203 N.J.Super. 50 (Ch.Div.1985), an electrical contractor brought suit to enjoin other electrical contractors from using trade names containing the word "Edison." The court held that plaintiff, who used a trade

name which described the town in which the business was located, did not have a sufficient interest in the name to preclude other contractors from using the name of the town in their trade names. The court noted that plaintiff's name had not acquired a "secondary meaning" by which the name "Edison" had become "uniquely associated with its business." *Id.* at 57. Indeed, the principal of defendant Edison Contracting had never heard of plaintiff Edison Electric when he started up his business. *Id.*

The court took pains, however, to distinguish existing precedent in which relief was granted in favor of plaintiffs with geographically descriptive trade names. The court cited the early decision in *Cape May Yacht Club, supra,* and explained:

> In *Cape May Yacht Club v. Cape May Yacht & Country Club,* 81 N.J.Eq. 454 (Ch.1913), dissident members of the "Cape May Yacht Club" established a new club and not only adopted a very similar name, "The Cape May Yacht & Country Club," but also adopted an almost identical pennant and constructed a new clubhouse at a location where yachtsmen coming to the Cape May area from other places would see it before seeing the clubhouse of the older club. Under these circumstances, the court found that 'the defendant imitated in part the complainant's name designedly with a view to attracting attention from the complainant and drawing to itself the patronage and prestige which the complainant would otherwise enjoy.'

*Id.* at 54–55.

Accordingly, even where the trade name at issue is nothing more than descriptive of a location, where the use of the previously appropriated trade name is intentional, relief is appropriate. Moreover, here, as in *Cape May Yacht Club,* the subsequent user of the trade name located the business in such a way that it would typically be the first spotted business by the same, or similar name, thereby attracting to itself attention that the prior user of the name would otherwise enjoy. Thus, even if the prior user is required to show intent on the part of the subsequent user where the common trade name is descriptive of a location, present

defendants/counter-defendants have come forward with such evidence in support of their motion. Plaintiff/counter-defendant has come forward with nothing to rebut defendants'/counter-plaintiffs' proofs to show that it lacked knowledge of plaintiff's prior use of the common trade name and did not act with the design to attract attention otherwise due the defendants/counter-plaintiffs. These material facts are thus not disputed in this summary judgment motion.

Thus, even under the most demanding view of the pertinent law, the court must grant the motion of defendants/counter-plaintiffs for summary judgment in their favor both on the complaint against them and on the counterclaim initiated by them under New Jersey common law. Supreme Court decisions mandate that "a motion for summary judgment must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)). Moreover, once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson,* 477 U.S. at 249–50.

With regard to the common law claims, defendants/counter-plaintiffs have met their initial burden to show the absence of genuine issues of material fact with regard to their entitlement to equitable relief. Plaintiff/counter-defendant has utterly failed to produce evidence in the form of affidavits and the like to counter their opponents' proofs. It was incumbent upon plaintiff/counter-defendant at the summary judgment stage to come forward with evidence to show the existence of genuine and material

factual disputes. Although plaintiff/counter-defendant sets forth (by way of argument only) that, for example, it was improper for defendants/counter-plaintiffs to have originally falsely described themselves as "incorporated" by painting "Harrison Avenue Recycling, Inc." on their sign, this fact is not material to the trade name dispute. Defendants/counterclaimants obliterated the "Inc." designation before this suit was filed. Any such evidence could not defeat defendants'/counter-plaintiffs' properly supported motion for summary judgment.

■ Similarly, plaintiff has established no right to use of the Harrison Avenue Recycling name simply through incorporating with that name. At most, plaintiff's incorporation under this name signifies that the registry of the New Jersey Secretary of State contained no other corporation using that name nor having a current reservation of that name. *See* N.J.S.A. § 14A:2–2. But the defendants/counterclaimants' business name is protected from infringement by a subsequent user whether or not defendants conduct their business through a corporate structure, partnership or sole proprietorship. The trade name of defendants' business,

Harrison Avenue Recycling, is an asset that may not be appropriated by a competitor through choice of a corporate name, as has occurred here.

We hold, therefore, that the plaintiff/counterclaim-defendant has intentionally appropriated the trade name of its competitors, defendants/counterclaimants Robert P. Casey and Anita Casey, who previously and continuously have traded as "Harrison Avenue Recycling" in Camden.

Accordingly, to the extent the claims against them are state common law claims, defendants/counter-plaintiffs are entitled to summary judgment in their favor dismissing the initial complaint. No genuine issues of material fact remain for trial with regard to those claims. Similarly, defendants/counter-plaintiffs are entitled to summary judgment on Count 1 of their counterclaim, which states a cause of action under state common law, to the extent defendants/counter-plaintiffs seek injunctive relief. The plaintiff/counterclaim-defendant Harrison Avenue Recycling, Inc., will therefore be enjoined from using this name or any substantially similar same, and an appropriate injunctive order will be entered.[2]

---

2. For the purposes of granting final injunctive relief by way of summary judgment on Count 1, which is within this court's discretion, *see, e.g.,* 10A C. Wright, A. Miller, K. Kane, *Federal Practice and Procedure (2d ed.),* § 2731; *SEC v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1988), and in compliance with the requirement for specific findings supporting the granting of injunctive relief under Rule 65(d), Fed. R.Civ.P., this court incorporates this Opinion and summarizes its findings as follows based upon the undisputed facts:

1. At all times relevant hereto, Counterclaimants Robert P. Casey and Anita Casey have continuously conducted their business of recycling under the trade name "Harrison Avenue Recycling," which they registered with the Clerk of Camden County on May 13, 1993.

2. The Caseys prominently displayed this name on two 4' × 8' signs on their business premises, with "Harrison Avenue Recycling" in prominent letters. (Cert. of Robert Casey, 3/28/95, at ¶¶ 3–4.) Although the signs at one time also included the word "Inc.," the Caseys painted over the word "Inc." before this litigation was filed, since this business is not incorporated. (*Id.*)

3. Plaintiff/counterclaim-defendant Harrison Avenue Recycling, Inc., later appropriated the Caseys' business name after it incorporated on

January 26, 1994 and began operating its competing recycling business in the same neighborhood in September, 1994.

4. Plaintiff/counterclaim-defendant acted through its principal, William Hargrove, who had an office across the street from the Caseys' business and was actually aware that the Caseys were conducting their business under the trade name of "Harrison Ave. Recycling" prior to the time when Mr. Hargrove incorporated his company and began operations in 1994 under the essentially identical trade name.

5. Plaintiff/counterclaim-defendant committed an unfair business practice in appropriating the trade name of the prior users in a competing business in the same market.

6. Plaintiff/counterclaim-defendant has caused confusion in the market regarding the identities of the businesses conducted by plaintiff and defendants, and has appropriated checks intended for defendants from their customers who mistakenly had delivered same to plaintiff/counterclaim-defendant.

7. Permanent injunctive relief against plaintiff/counterclaim-defendant's use of the name "Harrison Avenue Recycling" or any substantively identical variant thereof, is warranted and necessary. Although plaintiff/counterclaim-de-

With regard to Count 2, no briefing was submitted by the moving party with regard to statutory causes of action, and thus defendants/counter-plaintiffs have not met their initial burden as summary judgment movants with regard to the remainder of their counterclaim; Count 2 of the counterclaim invokes New Jersey statutes, and thus Count 2 remains open, as does the defendants/counter-plaintiffs' claim for money damages on Count 1 of their counterclaim.

An appropriate Order granting the motion of defendants/counter-plaintiffs in part follows. The accompanying Order will require plaintiff/counter-defendant to cease using the name "Harrison Avenue Recycling, Inc." or any substantially identical name in connection with their business.

## ORDER

This matter having come before the court upon the motion of defendants/counterclaimants, Robert P. Casey and Anita Casey, for partial summary judgment; and the court having considered the submissions of the parties and having heard argument on July 28, 1995; for the reasons stated in the Opinion of today's date;

IT IS this 4th day of August, 1995 hereby

ORDERED that the motion of defendants/counterclaimants for partial summary judgment is GRANTED IN PART insofar as defendants/counterclaimants seek summary judgment on the claims asserted against them in plaintiff/counterclaim-defendants' complaint and insofar as defendants/counterclaimants seek summary judgment on the equitable relief portion of Count 1 of the counterclaim; and it is

FURTHER ORDERED that injunctive relief is awarded on Count 1 of the counterclaim, and plaintiff/counterclaim-defendant Harrison Avenue Recycling, Inc., its officers, agents, servants, employees and attorneys, be and they hereby are permanently ENJOINED from using the name "Harrison Avenue Recycling, Inc." or any substantially identical name in connection with their trade or business.

---

fendant's attorney has represented at oral argument that his client no longer is using the Harrison Avenue Recycling name, there is no assurance that it will not resume doing so. In light of the past conduct of plaintiff/counterclaim-defendant in brazenly appropriating defendants' trade name and in bringing litigation to enforce its use of the name against the rightful prior users without basis in fact, injunctive relief is appropriate to assure no recurrence of this or any other harassment tactic against the Caseys regarding trade names.